DECISION AND JUDGMENT ENTRY
Appellant is the father of nine year old Guedel S., whose legal custody is the subject of this appeal.
On February 19, 1998, police raided appellant's Toledo apartment, seizing a small quantity of marijuana and several rocks of crack cocaine. Appellant and three others were charged with drug offenses. Guedel, who was in the apartment, was removed by police and, with appellant's permission, placed with relatives.
Following Guedel's removal from appellant's custody, appellee, Lucas County Children Services Board, instituted a successful neglect and dependency action with respect to the child. After adjudication, appellee was granted temporary custody and a reunification plan was formulated. The plan required that appellant obtain adequate housing, and complete anger management counseling. Appellant was also to undergo substance abuse assessment and counseling.
An early notation in appellee's case file indicated that appellant had been uncooperative with appellee prior to this case. That behavior continued here. Appellant refused to assign Guedel's welfare benefits to his custodial family, refused to provide a urine sample or alternatively a blood sample for drug screening, refused to sign a general medical release to permit appellee to confirm his claim of prostate cancer, and refused to sign a release for his anger management and substance abuse treatment records. During these proceedings, he also filed pro se
motions to disqualify the magistrate who heard the case, fired his first attorney, filed a complaint with the Supreme Court of Ohio against the appointed guardian ad litem and moved that the juvenile judge hearing the case recuse himself.
On January 13, 1999, appellee moved to transfer Guedel's legal custody to his paternal aunt and uncle. The matter proceeded to a hearing before a magistrate on June 24, 1999, at which Guedel's caseworker testified to appellant's lack of progress and/or documentation of progress on the case plan and offered the opinion that it was in Guedel's best interest for legal custody to be awarded to the aunt and uncle. The guardianad litem concurred with this recommendation.
For his part, appellant testified that he had completed anger management counseling and would soon be completing substance abuse counseling. He reported that he was staying with his parents in a home that was "in his name." Appellant submitted no evidence in support of this testimony except a document indicating that appellant had been diagnosed with prostrate cancer.
Following the hearing, the magistrate concluded that it was in Guedel's best interest that his custody be awarded to his aunt and uncle. Appellant's objection to the magistrate's decision was overruled.
Appellant now brings this appeal, asserting that appellee's efforts to reunify appellant and Guedel were insufficient and that the trial court should have ordered "visitation and companionship" between the two.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
At the outset, we must note a fundamental error in this appeal. Appellant has docketed this case as a termination of parental rights and relies almost exclusively in support of his arguments on cases dealing with permanent custody. This is not a termination of parental rights case. It is an award of legal custody pursuant to R.C. 2151.41.5(A)(2). A specific finding that appellee provided, "* * * diligent efforts * * *" to reunify the family, see R.C. 2151.41.4(E)(1), is not required in a legal custody proceeding.
Pursuant to R.C. 2151.35.3(A)(3) a trial court, in its sound discretion, may award legal custody of a child who has been adjudicated neglected or dependent to a person other than the child's parents. In re Coffey (Jan. 26, 1998), Madison App. No. CA97-05-021, unreported. Matters within the court's discretion will not be reversed absent an abuse of discretion. An abuse of discretion is more than just an error of law or of judgment; the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In this matter, the magistrate made specific factual findings that appellant failed to demonstrate compliance with the case plan. These findings are supported by the record. The magistrate then concluded, in conformity with the recommendations of the caseworker and the guardian ad litem, that, absent evidence of appellant's progress in remedying the causes of Guedel's removal from his home, it was in Guedel's best interest that legal custody be given to his aunt and uncle. The juvenile judge reviewed the decision and adopted it. We fail to detect any abuse of discretion in this decision. Accordingly, appellant's first assignment of error is not well-taken.
With respect to appellant's second assignment of error, legal custody is subject to a parent's residual rights, privileges, and responsibilities. R.C. 2151.01.1(B)(9), (10). The judgment complained of had no effect on the visitation order already in place prior to the change of disposition. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGES CONCUR.